IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TONY SIMMONS | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv446 |
| WARDEN THOMAS | § | |

<u>REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Tony Simmons, a prisoner confined within the Bureau of Prisons, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion to dismiss (doc. no. 4) filed by the respondent.

<u>Factual Background and the Petition</u>

In 2001, pursuant to pleas of guilty entered in accordance with a written plea agreement, petitioner was convicted of several criminal offenses. The convictions included: (1) possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) and (2) causing death through the use of a firearm, in violation of 18 U.S.C. § 924(j).

Relying on the Supreme Court's decisions in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and *United States v. Davis*, 139 S. Ct. 2319 (2019), petitioner asserts his firearms convictions are no longer valid.

<u>Analysis</u>

Petitioner is not challenging the manner in which his sentence is being executed by the Bureau of Prisons. Instead, he challenges the legality of two of his convictions.

Title 28 U.S.C. § 2255 provides the primary means for a federal prisoner to collaterally attack a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Title 28 U.S.C. § 2241 is correctly used to attack the manner in which a sentence is executed. *Id*.

A petition for writ of habeas corpus filed pursuant to Section 2241 is not a substitute for a motion to vacate sentence filed pursuant to Section 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). A petitioner may use Section 2241 as the vehicle for attacking a conviction or sentence only if it appears the remedy by motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. This portion of Section 2255 is known as the "savings clause." Petitioner bears the burden of proving the inadequacy or ineffectiveness of a motion to vacate filed under § 2255. *Jeffers*, 253 F.3d at 830. Neither a prior unsuccessful Section 2255 motion to vacate, nor the inability to meet the requirements for filing a successive motion to vacate, makes the remedy provided by Section 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 878.

The United States Court of Appeals for the Fifth Circuit previously set forth two requirements a petitioner must satisfy to file a Section 2241 petition in connection with the savings clause of Section 2255. In *Reyes-Requena v. United States*, the Fifth Circuit held that the savings clause of Section 2255 applies to a claim that: (1) is based on a Supreme Court decision which is retroactively applicable on collateral review and which establishes that the petitioner may have been convicted of a nonexistent offense and (2) was foreclosed by applicable circuit law at the time when the claim could have been asserted in the petitioner's trial, direct appeal, or first Section 2255 motion. *Reyes-Requena*, 243 F.3d 893, 894 (5th Cir. 2001).

Petitioner asserts that in *Rehaif* and *Davis*, the Supreme Court interpreted the statutes his firearms convictions were based on in such a manner as to make the actions he was charged with committing no longer illegal. However, in *Jones v. Hendrix*, 2023 WL 4110233, at *5 (June 22, 2023), the Supreme Court held that a favorable intervening change in statutory interpretation does not permit an inmate to seek relief under Section 2241. The Court stated that as Section 2255(h) prohibits a successive motion to vacate under Section 2255 unless it relies on either newly discovered evidence or a new rule of constitutional law, a federal prisoner could not file a successive Section 2255 motion based on a more favorable interpretation of statutory law. The Court concluded that this limitation on successive motions under Section 2255 did not make Section 2255

"inadequate or ineffective" such that a prisoner could proceed with a statutory claim under Section 2241. 2023 WL 4110233, at *4.

Based on *Jones*, Section 2241 does not provide petitioner with a basis for relief. The motion to dismiss should therefore be granted.

## Recommendation

The motion to dismiss should be granted and this petition for writ of habeas corpus should be dismissed.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 12th day of July, 2023.

_____
Zack Hawthorn
United States Magistrate Judge